UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MICHAEL F. JOHNSON(#244598)

VERSUS                                          CIVIL ACTION

KEITH DEVILLE, ET AL                            NUMBER 09-984-JJB-SCR

## NOTICE

     Please take notice that the attached Magistrate Judge's Report
has been filed with the Clerk of the U. S. District Court.

     In accordance with 28 U.S.C. § 636(b)(1), you have 14 days
after being served with the attached report to file written
objections to the proposed findings of fact, conclusions of law,
and recommendations set forth therein.  Failure to file written
objections to the proposed findings, conclusions and
recommendations within 14 days after being served will bar you,
except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings and legal conclusions
accepted by the District Court.

     ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE
WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

     Baton Rouge, Louisiana, May 4, 2010.


                         STEPHEN C. RIEDLINGER
                         UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


MICHAEL F. JOHNSON(#244598)

VERSUS                                          CIVIL ACTION

KEITH DEVILLE, ET AL                            NUMBER 09-984-JJB-SCR

### MAGISTRATE JUDGE'S REPORT

Before the court is the application of petitioner Michael F. Johnson for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.


## State Court Procedural History

Petitioner was found guilty of one count possession of 400 grams or more of cocaine in the Twenty-first Judicial District Court for the Parish of Livingston, Louisiana on May 10, 2006.  On May 26, 2006, the petitioner was sentenced to a 30 year term of imprisonment at hard labor without benefit of probation, parole, or suspension of sentence.

On direct appeal the petitioner asserted the following assignments of error:

1. his constitutional right to confrontation was violated;

2. his right against self-incrimination was violated;

3. there was insufficient evidence to support his conviction;

4. he received an excessive sentence.

The Louisiana First Circuit Court of Appeal affirmed the

conviction and amended and affirmed the sentence.[1] *State of Louisiana v. Michael F. Johnson*, 2007-0634 (La. App. 1st Cir. 9/19/07), 963 So.2d 1106 (Table). Petitioner did not seek supervisory review by the Louisiana Supreme Court.

Petitioner signed his application for post-conviction relief (hereinafter PCRA) on November 6, 2007, and it was filed in the state district court on November 9, 2007. Petitioner signed his first supplemental application for PCRA on November 27, 2007, and it was filed on December 3, 2007. Petitioner signed his second supplemental PCRA on February 5, 2008, and it was filed on February 11, 2008. Petitioner raised the following grounds for relief in his original and supplemental RCRAs:

1.  he was denied effective assistance of counsel at trial when counsel:
    (a)  as not present during a pretrial hearing during which a plea agreement was offered;
    (b)  counsel delayed moving for the identity of the confidential informant;
    (c)  counsel failed to conduct pretrial investigation into the manner in which the petitioner was detained prior to arrest;
    (d)  counsel failed to object to hearsay testimony elicited from Det. Bourgeois, deputy Victor Marler, and Det. Stan Carpenter and failed to request an admonition or a mistrial and failed to seek writs from the appellate court;
    (e)  counsel failed to file a motion to reconsider sentence;
    (f)  counsel failed to object to testimony that suggested the petitioner intended to sell cocaine;
    (g)  his original counsel filed numerous motions for continuance which delayed the proceedings;

---

[1] Petitioner's sentence was amended to 30 years at hard labor, with the first 15 years to be served without benefit of parole.

2

     (h)  counsel failed to subject the State's case to a meaningful adversarial testing by challenging the validity of his confession, preparing a defense or conducting an investigation;

     (i)  counsel failed to seek writs from the appellate court regarding the denial of the motion to suppress;

     (j)  counsel failed to explore the possibility of entering a guilty plea;

     (k)  counsel appeared dumb-founded when his objections were sustained and seemed to seek permission or instructions from the trial judge regarding objections;

2.  counsel failed to present mitigating evidence during sentencing;

3.  his conviction was obtained in violation of his Fourth Amendment rights when police officers lacked probable cause to search or detain him, the officers searched the area where the cocaine was discovered without a search warrant, and the officers based the stop on unreliable uncorroborated information from an untested source; and,

4.  his conviction was obtained in violation of the due process clauses of the Fifth and Fourteenth Amendments when the prosecutor elicited false testimony, vouched for the credibility of the State's witnesses and made inflammatory remarks during closing argument.

On November 10, 2008, following an evidentiary hearing, the state district court denied the petitioner's PCRAs.

Petitioner sought supervisory review from the Louisiana First Circuit Court of Appeal raising the following assignments of error:

1.  the trial court erred in conducting an evidentiary hearing on the PCRA without the assistance of counsel and denied the petitioner's motion to continue the proceedings because several witnesses failed to appear for the hearing;

2.  he received ineffective assistance of counsel when:

     (a)  trial counsel failed to appear for a pretrial conference during which a plea bargain was offered;

     (b)  counsel delayed moving for the identity of the

3

confidential informant;

(c) counsel failed to conduct pretrial investigation into the manner in which the petitioner was detained prior to arrest;

(d) counsel failed to object to hearsay testimony elicited from Det. Bourgeois and failed to request an admonition or a mistrial;[2]

3. his conviction was obtained in violation of his Fourth Amendment rights when police officers lacked probable cause to search or detain him, the officers searched the area where the cocaine was discovered without a search warrant, and the officers based the stop on unreliable uncorroborated information from an untested source; and,

4. his conviction was obtained in violation of the due process clauses of the Fifth and Fourteenth Amendments when the prosecutor elicited false testimony, vouched for the credibility of the State's witnesses and made inflammatory remarks during closing argument.

The appellate court denied review. *State of Louisiana v. Michael F. Johnson*, 2008-0871 (La. App. 1st Cir. 8/18/08).

Petitioner sought review by the Louisiana Supreme Court asserting the following assignments of error:

1. he was denied effective assistance of counsel at trial when counsel:
   (a) was not present during a pretrial hearing during which a plea agreement was offered;

---

[2] Petitioner listed but did not brief the following instances of ineffective assistance of counsel:

(e) counsel failed to object to testimony that suggested the petitioner intended to sell narcotics,

(f) counsel failed to seek writs regarding the denial of the motion to suppress and the withholding of the identity of the confidential informant,

(g) counsel failed to file a motion to reconsider or object to the excessive sentence, and (d) trial counsel filed improper motions.

Assignments of error which are not brief are considered abandoned. Rule 2-12.4, Uniform Rules of Louisiana Courts of Appeal; *State v. Schwartz*, 354 So.2d 1332 (La. 1978).

(b)   counsel delayed moving for the identity of the confidential informant;

(c)   counsel failed to conduct pretrial investigation into the manner in which the petitioner was detained prior to arrest;

(d)   counsel failed to object to hearsay testimony elicited from Det. Bourgeois, deputy Victor Marler, and Det. Stan Carpenter;

(e)   counsel failed to object to testimony that suggested the petitioner intended to sell cocaine;

(f)   counsel failed to seek writs from the appellate court regarding the denial of the motion to suppress;

(g)   counsel failed to explore the possibility of entering a guilty plea;

(h)   counsel failed to file a motion to reconsider sentence;

(i)   his original counsel filed numerous motions for continuance delaying the proceedings;

(j)   trial counsel filed numerous improper motions, failed to present argument or object to inculpatory statement and failed to prepare for trial;

2.   he was denied effective assistance of counsel on appeal;

3.   his conviction was obtained in violation of his Fourth Amendment rights when police officers lacked probable cause to search or detain him, the officers searched the area where the cocaine was discovered without a search warrant, and the officers based the stop on unreliable uncorroborated information from an untested source; and,

4.   his conviction was obtained in violation of the due process clauses of the Fifth and Fourteenth Amendments when the prosecutor elicited false testimony, vouched for the credibility of the  State's witnesses and made inflammatory remarks during closing argument.

Petitioner also listed "Unexhausted Appeal Claims" which were raised on direct appeal.[3]  These claims include:

---

[3] As noted above, the petitioner did not seek supervisory review by the Louisiana Supreme Court after the appellate court denied his appeal. None of these claims were included in the petitioner's PCRAs or his writ application in the Louisiana First (continued...)

1.   his constitutional right to confrontation was violated;

2.   his right against self-incrimination was violated;

3.   there was insufficient evidence to support his
     conviction; and,

4.   he received an excessive sentence.

The Louisiana State Supreme Court denied review. *State ex rel. Michael F. Johnson v. State of Louisiana,* 2008-2755 (La. 9/25/09), 18 So.3d 85.

After filing this federal habeas corpus application, the petitioner filed another PCRA urging his Unexhausted Appeal Claims, which was apparently denied.[4]

## Federal Habeas Corpus Application

Petitioner filed his federal habeas corpus application in the Western District of Louisiana on November 5, 2009 and it was transferred to the Middle District of Louisiana on November 16, 2009. Petitioner asserted the following grounds for relief:

1.   he was denied effective assistance of counsel when:
     (a)  counsel failed to investigate his case;
     (b)  counsel failed to present a defense;
     (c)  counsel failed to consult with the petitioner;
     (d)  counsel failed to secure a plea agreement;
     (e)  counsel failed to object to false and hearsay
          testimony;

---

[3] (...continued)
Circuit Court of Appeal.

[4] Record document number 14, April 29, 2010 letter from petitioner. Petitioner did not submit with his letter a copy of the PCRA nor the trial court's ruling, and they have not been provided to this court by the state court.

(f)    counsel failed to put the State's case through a
       meaningful adversarial testing; and,
(g)    counsel failed to act as an advocate;

2.    his conviction was obtained in violation of his Fourth
      Amendment right against unreasonable searches and
      seizures because there was no search warrant of the area
      where the narcotics were found and there were no exigent
      circumstances to justify the search;

3.    his conviction was obtained in violation of the due
      process clauses of the Fifth and Fourteenth Amendments
      when the prosecutor elicited false testimony and vouched
      for the credibility of a witness;

4.    his conviction was obtained in violation of his Sixth
      Amendment confrontation rights;

5.    his conviction was obtained in violation of his Fifth
      Amendment rights against self-incrimination by failing to
      suppress his statement;

6.    there was insufficient evidence to support his
      conviction; and,

7.    he received an excessive sentence.

Petitioner supplemented his federal habeas corpus application
with an additional ground for relief:[5]

8.    actual innocence.

## Applicable Law and Analysis

No evidentiary hearing is required.  Petitioner has exhausted
available state remedies as to grounds for relief 1(a) and (e), 2
and 3.  Grounds for relief 1(b),(c),(d),(f) and (g), and 4 through
7 are technically exhausted, but procedurally barred.

---

[5] Record document number 13, Supplemental Ground to Petition
Under 28 U.S.C. § 2254 For Writ of Habeas Corpus by a Person in
State Custody, page 1, Ground eight: Actual Innocence.

7

Section 2254(d) provides as follows:

(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Section 2254(e)(1) provides as follows:

(e)(1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.

Subsection (d)(2) of section 2254 applies to a state court's factual determination. It bars federal court relief unless the state court adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence." Subsection (d)(1) provides the standard of review for questions of law and mixed questions of law and fact. *Drinkard v. Johnson*, 97 F.3d 751, 767-68 (5th Cir. 1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997).

The second clause of subsection (d)(1) refers to mixed questions of law and fact because it speaks of an "unreasonable application of ... clearly established Federal law." When the

issue before the court is a mixed question of law and fact, the court may grant relief only if it determines that the state court decision rested on "an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court," to the facts of the case.   The first clause of subsection (d)(1) refers to questions of law.   When the issue raised involves a purely legal question, the court may grant relief only if it determines that a state court's decision rested on a legal determination that was "contrary to...clearly established Federal law, as determined by the Supreme Court."   *Id*.

### Technically Exhausted But Procedurally Defaulted Claims

A review of the petitioner's state PCRA and briefs to the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court showed that the petitioner's federal habeas corpus claims set forth in item numbers 1(b) - (d) and (f) - (g), 4, 5, 6 and 7 were not presented in a procedurally proper manner to the state district court and the appellate courts as required by state procedural rules.

Although  the petitioner has not presented these claims in a procedurally proper manner in accordance with state procedural rules, he has technically exhausted his state court remedies as to these claims.  However, the claims are procedurally defaulted and cannot be considered by this court.

Congress provided that the writ of habeas corpus shall not be

granted unless the petitioner has exhausted all remedies available in the court of the state that exercised custody over the petitioner.  28 U.S.C. § 2254(b).

In order to exhaust properly, a state prisoner must "fairly present the substance of his claims to the state court." *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 512 (1981); *Neville v. Dretke*, 423 F.3d 474, 478 (5th Cir. 2005).  This means that a petitioner must have informed the state court system of the same facts and legal theories upon which he bases his assertions in his federal habeas petition.  *Id.* at 276-77; *Dispensa v. Lynaugh*, 847 F.2d 211, 217-18 (5th Cir. 1988).  "It is not enough that all the facts necessary to support the federal claim were before the state courts ... or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6,  103 S.Ct. 276, 277 (1982). Rather, the petitioner must have presented the substance of his claim to the state courts.  *Id.*; *Picard*, 404 U.S. at 276; 92 S.Ct. at 512.

Generally, the habeas applicant must present his claims before the state courts in a procedurally proper manner according to the rules of the state courts.  *Dupuy v. Butler*, 837 F.2d 699 (5th Cir. 1988).  The exhaustion requirement is satisfied if a claim has been presented once to the state's highest court.  *Carter v. Estelle*, 677 F.2d 427, 442 n. 10 (5th Cir.), *modified on other grounds*, 691 F.2d 777 (5th Cir. 1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct.

1508 (1983); see generally *Richardson v. Procunier*, 762 F.2d 429, 430-32 (5th Cir. 1985).

Although claims are considered to be "technically" exhausted when state relief is no longer available, without regard to whether the claims were actually exhausted by presentation to the state courts, *Coleman v. Thompson*, 501 U.S. 722, 731-33, 111 S.Ct. 2546 (1991), if a petitioner "fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would find the claims procedurally barred,'" then the claim is procedurally defaulted. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir. 1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845 (1998) (quoting *Coleman*, 501 U.S. at 735 n.1, 111 S.Ct. 2546).

Petitioner's unexhausted claims are "technically exhausted because, and only because, petitioner allowed his state law remedies to lapse without presenting his claims to the state courts." *Jones v. Jones*, 163 F.3d 285, 296 (5th Cir. 1998) (internal citation and quotation omitted).

Petitioner's Unexhausted Appeal Claims (federal habeas claims 4 - 7) which he raised on direct appeal were not exhausted because the petitioner did not timely seek review of the appellate court's decision by the Louisiana Supreme Court.

Under Louisiana Supreme Court Rule X, § 5(a), the petitioner had 30 days to file his application for supervisory writ to the

11

Louisiana Supreme Court.  The rule provides as follows:

> An application seeking to review a judgment of the court of appeal either after an appeal to that court, or after that court has granted relief on an application for supervisory writs (but not when the court has merely granted an application for purposes of further consideration), or after a denial of an application, shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal; however, if a timely application for rehearing has been filed in the court of appeal in those instances where a rehearing is allowed, the application shall be made within thirty days of the mailing of the notice of denial of rehearing or the judgment on rehearing.  No extension of time therefor will be granted.

Petitioner failed to comply with Louisiana Supreme Court Rule X, § 5(a) by filing an application for a supervisory writ with that court within 30 days after the appellate court affirmed his conviction.  Rule X, § 5(a) expressly prohibits an extension of the 30-day period.  Petitioner cannot resurrect the Unexhausted Appeal Claims by including them as grounds for relief in his application for writs to the Louisiana Supreme Court following the denial of his PCRA.  Allowing him to do so would constitute an extension of the Rule X, § 5(a) time to apply for writs as to the Unexhausted Appeal Claims, which is prohibited, and consequently those claims would be procedurally barred from review by the Louisiana Supreme Court.  Therefore, the petitioner's Unexhausted Appeal Claims, although technically exhausted, are procedurally barred.

Petitioner's other technically exhausted claims would be barred from consideration in a post-conviction relief application by Louisiana Code of Criminal Procedure Article 930.8.  This

12

provision of Louisiana law fixes a time limit of two years after the judgment of conviction and sentence has become final within which to file an application for post-conviction relief. Although the statute contains four exceptions, none of those exceptions apply in this case, and the petitioner has not offered any evidence or argument supporting the application of any exception.

When a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claim is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750, 111 S.Ct. at 2565. Reliance upon Article 930.8 has been held to be a valid procedural bar. *Glover v. Cain*, 128 F.3d 900 (5th Cir. 1997).

Petitioner has not shown cause for his procedural default, or actual prejudice resulting from it.

### Actual Innocence Claim

Nor has the petitioner made a showing to support his claim of actual innocence.

To establish actual innocence under *Schlup v. Delo*, 513 U.S. 298, 115 S.Ct. 851 (1995), the petitioner had to demonstrate that, "in light of all the evidence," "it is more likely than not that no

13

reasonable juror would have convicted him." *Schlup*, 513 U.S. at 327-28, 115 S.Ct. at 867. To be credible, an actual innocence claim requires the petitioner to "support his allegations of constitutional error with new reliable evidence - whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence - that was not presented at trial." *Id.* at 324, 115 S.Ct. at 865.

Although labeled "Actual innocence, fundamental miscarriage of justice," petitioner asserted that he was the victim of unspecified racial discrimination and he reiterated his claims regarding the identification of the confidential informant, malicious and vindictive prosecution, and lack of a confession. Petitioner did not come forward with any new, reliable evidence not presented at trial which establishes, that more likely than not, no reasonable juror would have found the petitioner guilty beyond a reasonable doubt. Petitioner failed to meet the actual innocence standard. As a result, this court is barred from considering the petitioner's technically exhausted claims.

## Properly Exhausted Claims

### Ground 1: Ineffective Assistance of Counsel

In his first ground for relief, the petitioner argued that he was denied effective assistance of counsel. Specifically, the petitioner argued that counsel failed to investigate his case and counsel failed to object to hearsay testimony elicited from Det.

14

Bourgeois.

To obtain habeas relief based upon a claim of ineffective assistance of counsel, the petitioner must show "that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984). To prove deficient performance the petitioner must demonstrate that counsel's actions "fell below an objective standard of reasonableness." *Id.*, at 688, 104 S.Ct. at 2064. To prove prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.*, at 694, 104 S.Ct. at 2068, and that "counsel's deficient performance render[ed] the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S.Ct. 838, 844 (1983).

In the first component of his ineffective assistance of counsel claim the petitioner argued that counsel failed to investigate his case. Specifically, the petitioner argued that trial counsel failed to investigate whether the petitioner was free to leave the scene prior to being arrested. Petitioner argued that he advised counsel that police officers had drawn their weapons and restrained him prior to his arrest. Petitioner argued that although police officers testified at trial that he was free to leave the scene prior to his arrest, he believed otherwise.

Petitioner argued that had trial counsel conducted an investigation into the manner in which he was detained prior to his arrest he could have used the information gathered from the investigation to have the evidence against him suppressed.

A review of the Suppression Hearing Transcript showed that trial counsel did focus on the circumstances which led to the petitioner being detained and then arrested.  There was apparently no dispute by the arresting officers that the petitioner was initially detained after he exited his vehicle and was advised of his rights pursuant to *Miranda v. Arizona*[6] before the cocaine was discovered at the end of the street and the petitioner was placed under arrest.[7]

There is nothing in the record to support the petitioner's argument that counsel's performance was deficient.  This aspect of the petitioner's ineffective assistance of counsel claim is without merit.

In the second component of his ineffective assistance of counsel claim the petitioner argued that trial counsel failed to object to hearsay testimony elicited from Det. Bourgeois.

The gist of the petitioner's argument is that trial counsel failed to make a Confrontation Clause objection to the testimony pursuant to *Crawford v. Washington*, 541 U.S. 36, 124 S.Ct. 1354

---

[6] 384 U.S. 436, 86 S.Ct. 1602 (1966).

[7] Suppression Hearing Transcript, pp.18, 21, 28-29.

(2004).[8]  Specifically, the petitioner argued that trial counsel failed to object to an exchange in which Det. Bourgeois testified that the confidential informant told him the petitioner would be driving "[a] blue four-wheel drive pickup truck."[9]

The Confrontation Clause states that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to be confronted with the witnesses against him."  U.S. Const. amend. VI.  However, government officials are not required to disclose the identity of an informant unless the informant's identity is

---

[8] Petitioner argued in his PCRA that counsel failed to object to hearsay testimony by Det. Bourgeois, Dy. Victor Marler and Det. Stan Carpenter regarding information supplied by the confidential informant.  Petitioner made no reference to the testimony of Dy. Marler and Det. Carpenter in his PCRA brief to the Louisiana First Circuit Court of Appeal.  Petitioner's ineffective assistance of counsel claim regarding the failure to object to the testimony of Dy. Marler and Det. Carpenter is technically exhausted but procedurally defaulted.  Nonetheless, the petitioner's ineffective assistance of counsel claim for failure to object to the admission of hearsay testimony by Dy. Marler and Det. Carpenter is without merit for the same reasons his ineffective assistance of counsel claim regarding the failure to object to the testimony of Det. Bourgeois is without merit.
Insofar as the petitioner argued that trial counsel failed to object to the admission of false testimony, the claim is technically exhausted, but procedurally barred.  A review of the PCRA and brief to the Louisiana First Circuit Court of Appeal showed that the petitioner did not argue that trial counsel failed to object to the admission of false testimony from the police officer witnesses.

[9] Trial Transcript, p. 478, lines 17-21.  Once again, the only objectionable testimony challenged in the PCRA and in the writ applications to the Louisiana First Circuit Court of Appeal and the Supreme Court is the testimony by Det. Bourgeois regarding the description of the vehicle.  Challenges to other hearsay testimony raised in the appellate court briefs but not in the PCRA was not "fairly presented" and is procedurally barred.

17

relevant and helpful to the defense of the accused or is essential to a fair determination of a cause. *Roviaro v. United States*, 353 U.S. 53, 59-63 77 S.Ct. 623 (1957); *United States v. Edwards*, 133 Fed. Appx. 960, 962 (5th Cir. 2005).

The Confrontation Clause bars the "admission of testimonial statements of a witness who did not appear at trial unless he was unavailable to testify and the defendant had had a prior opportunity for cross-examination." *Crawford v. Washington*, 541 U.S. at 53-54, 124 S.Ct. at 1365. While its protections are strong, "[t]he [Confrontation] Clause ... does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted." *Id*. at 59, n. 9, 124 S.Ct. at 1369, n. 9. (citing *Tennessee v. Street*, 471 U.S. 409, 414, 105 S.Ct. 2078 (1985)).

What is or is not hearsay evidence in a state court trial is governed by state law. *Gochicoa v. Johnson*, 118 F.3d 440, 445 (5th Cir. 1997). "Hearsay" is a statement, other than one made by the declarant while testifying at the present trial or hearing, offered in evidence to prove the truth of the matter asserted." LSA-C.E. art. 801C.

Det. Bourgeois' statement was not testimonial hearsay evidence. Det. Bourgeois' testimony regarding the description of the vehicle provided by the confidential informant was not offered to prove the truth of the matter asserted, but instead, was offered

18

to explain the action taken by law enforcement officers and the basis for their action.  Because Det. Bourgeois' statement was not testimonial hearsay evidence, trial counsel was not deficient for failing to make a *Crawford* objection.

Even assuming that Det. Bourgeois' statement was testimonial hearsay evidence and trial counsel was deficient for failing to raise a *Crawford* objection, given the considerable evidence at trial of the petitioner's possession of cocaine[10], he failed to demonstrate the prejudice required to sustain his ineffective assistance of counsel claim.

**Ground 2: Search and Seizure**

In his second ground for relief, the petitioner argued that his conviction was obtained in violation of his Fourth Amendment right against unreasonable searches and seizures because there was no search warrant of the area where the narcotics were found and there were no exigent circumstances to justify the search.

Fourth Amendment violations are generally not cognizable on federal habeas review.  *Stone v. Powell*, 428 U.S. 465, 96 S.Ct. 3037 (1976).  In *Stone v. Powell*, the Supreme Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be

---

[10] A review of the trial transcript shows that a fair and accurate summary of the evidence was provided by the Louisiana First Circuit Court of Appeal in its opinion.  *State of Louisiana v. Michael F. Johnson*, at 6-8.

19

granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at trial." *Id.* at 494, 96 S.Ct. at 3052. The Fifth Circuit has interpreted an "opportunity for full and fair litigation" to mean just that: "an opportunity." *Caver v. Alabama*, 577 F.2d 1188, 1192 (5th Cir. 1978). "If a state provides the processes whereby a defendant can obtain full and fair litigation of a fourth amendment claim, *Stone v. Powell* bars federal habeas corpus consideration of that claim whether or not the defendant employs those processes." *Id.*

Petitioner had an opportunity to raise his unlawful search and seizure claim in a pre-trial motion to suppress evidence. Petitioner filed a motion to suppress and a hearing on the motion was held on December 8, 2004.

Because the petitioner had an opportunity for a full and fair hearing on his claim in state court, *Stone* forecloses review of the petitioner's Fourth Amendment claim in a federal habeas proceeding.

### **Ground 3: Prosecutorial Misconduct**

In his third ground for relief, the petitioner argued that his conviction was obtained in violation of the due process clauses of the Fifth and Fourteenth Amendments when the prosecutor elicited false testimony and vouched for the credibility of a witness.

The Due Process Clause forbids the State from knowingly using or failing to correct false testimony. *Giglio v. United States*,

405 U.S. 150, 153-54, 92 s.cT. 763, 766; *Napue v. Illinois*, 360
U.S. 264, 269, 79 S.Ct. 1173 (1959).

Petitioner argued that:

a.   law enforcement officers provided more details about the
events which led to the petitioner's arrest at trial than
they testified to at the suppression hearing;

b.   Det. Marler testified differently from Det. Bourgeois
regarding the information provided by the confidential
informant;

c.   Det. Carpenter testified falsely when he testified that
"coon" is a slang term for cocaine, but that he had never
heard it before; and,

d.   unspecified false testimony regarding the petitioner's
confession.

There is absolutely no evidence to support the petitioner's
claim that witnesses offered false testimony.   This claim is
without merit.

Petitioner further argued that the prosecutor improperly
vouched for the credibility of State witnesses during closing
argument.

When a habeas petitioner alleges a generic due process
violation due to improper prosecutorial comments, a reviewing court
must determine whether the remarks, "in the context of the entire
trial, were sufficiently prejudicial to violate [the defendant's]
due process rights." *Donnelly v. DeChristoforo*, 416 U.S. 637, 639,
94 S.Ct. 1868, 1869 (1974).   It is not enough that the remarks were
"undesirable or even universally condemned," *Darden v. Wainwright*,
699 F.2d 1031, 1036 (11th Cir. 1983), *affirmed, Darden v.*

21

*Wainwright*, 477 U.S. 168, 106 S.Ct. 2464 (1986); a petitioner may obtain relief only if "the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. at 180, 106 S.Ct. at 2471 (*quoting Donnelly*, 416 U.S. at 643, 94 S.Ct. at 1871). "The prosecutor's remarks do not present a claim of constitutional significance unless they were so prejudicial that [the petitioner's] state court trial was rendered fundamentally unfair within the meaning of the Fourteenth Amendment." *Rushing v. Butler*, 868 F.2d 800, 806 (5th Cir. 1989). A trial is fundamentally unfair only if the prosecutor's remarks evince either persistent or pronounced misconduct, or the evidence was so insubstantial that in all probability but for the remarks the petitioner would not have been convicted. *Id., citing Kirkpatrick v. Blackburn*, 777 F.2d 272, 281 (5th Cir. 1985); *Fulford v. Maggio*, 692 F.2d 354, 359 (5th Cir. 1982), *reversed on other grounds*, 462 U.S. 11, 103 S.Ct. 2261 (1983). When attacked, prosecutorial comments are not considered in isolation, but are evaluated in the context of the entire trial as a whole, including the prosecutor's entire closing argument. *Rushing*, at 806; *Kirkpatrick*, at 281.

The remarks made by the prosecutor, did not constitute "persistent and pronounced misconduct." *Kirkpatrick*, at 821, *quoting Fulford*, at 359.

Nor does a review of the record support the conclusion that

22

"the evidence was so insubstantial that (in probability) but for the remarks no conviction would have occurred."  *Id*.   An independent review of the evidence supports the finding that there is no probability the petitioner would not have been convicted but for the prosecutor's remarks.  This claim has no merit.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the application of petitioner Michael F. Johnson for a writ of habeas corpus be denied.

Baton Rouge, Louisiana, May 4, 2010.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE